### Timothy Downing *vs.* Abiezer S. Freeman.

A promise to pay a debt implied by law remains in force, although through the fraud and imposition of the promiser the credit was originally given to a third person.

Where one witness testifies affirmatively, that certain words were spoken in a conversation ; and another testifies that they were not, and relates other words spoken at the same time inconsistent with those testified to by the first witness ; and both witnesses are entitled to equal credit ; the words stated by the first witness are not to be considered as proved.

This was an action of *assumpsit* brought to recover a bill for horse keeping, and was tried at the *March* term of the Court of Common Pleas, 1836, before *Whitman C. J.* ; and came before this Court on exceptions to the ruling of the Judge. The plaintiff proved by one *Andrews*, that he was called on by the defendant to take a lame horse to the plaintiff's, which he did ; that he

went in a disguise furnished by the defendant ; that the horse was said to belong to a *Mr. White ;* that he told the plaintiff, when he took the horse to him, that he, *Andrews,* owned it, and that his name was *Stearns ;* that he wanted the horse taken care of, and he would pay for the keeping. *Andrews* further testified that the course of proceeding by him taken was with the knowledge and at the request of the defendant ; that he, the witness, was a minor ; and that the defendant said, that he and *White* would stand between him, *Andrews,* and all harm for his doings. After the plaintiff discovered these facts he returned the horse to *Freeman's* stable.

The defendant then called one *Gower,* as a witness, who testified, that in a certain conversation the plaintiff said, that when *Andrews* brought the horse he knew him.

The plaintiff then called another witness, one *Hodgkins,* who testified, that he heard the same conversation, which the last witness did ; and that what the plaintiff said, was, that he saw *Andrews* after he had kept the horse, and then knew him to be the same who brought the horse ; and that the conversation was not as the other witness had stated.

Upon this evidence, the Judge charged the jury, that if they were satisfied, that the plaintiff was imposed upon by *Andrews,* and that the defendant ordered the horse to be carried there for the purpose of imposing upon the plaintiff, or actively urged on the imposition, the plaintiff would be entitled to recover, unless they should be satisfied from the testimony of *Gower,* that no imposition was practised, by reason of the plaintiff's knowing *Andrews* at the time he brought the horse ; and also, that where one of two witnesses, both equally credible, testify to a fact, and the other expressly contradicts the testimony of the other, the fact would be considered as not proved ; and that as *Hodgkins* testified contrary to the testimony of *Gower,* they would consider whether the testimony of *Gower* was not controlled by the testimony of *Hodgkins.* Whereupon the jury returned a verdict for the plaintiff. To this instruction the defendant excepted.

*Dunn,* for the defendant, submitted the case without argument.

*J. C. Woodman,* for the plaintiff, submitted on his brief.

He argued, that *Freeman* sent the horse to be kept at *Downing's*, and was liable on an implied promise. He was the principal in the whole transaction, and if others were liable also, that could only be taken advantage of by plea in abatement. *Rusby* v. *Scarlett*, 5 *Esp. R.* 76; 1 *Com. on Con.* 238; and the defendant then being unknown to the plaintiff makes no difference. He for whose interest a parol promise is made may maintain an action. *Woodman* cited the following authorities: *Arnold* v. *Lyman*, 17 *Mass. R.* 405; *Kelly* v. *Munson*, 7 *Mass. R.* 319; *Greely* v. *Bartlett*, 1 *Greenl.* 172; *Felton* v. *Dickinson*, 10 *Mass. R.* 287; *Upton* v. *Gray*, 2 *Greenl.* 373; *Lamb* v. *Clark*, 5 *Pick.* 193; *Jones* v. *Hoar*, 5 *Pick.* 285.

After a continuance the opinion of the Court was drawn up by

WESTON C. J. — The defendant sent a horse in his possession, whether his property or not, to the plaintiff's stable to be kept. If by implication the plaintiff may have undertaken to keep the horse on the credit of *Andrews*, under the assumed name of *Stearns*, that undertaking having been obtained by fraud and imposition, brought about by the contrivance and procurement of the defendant, was not binding upon the plaintiff. The latter is then remitted to his right to maintain *assumpsit* against the defendant, upon his promise implied by law, for keeping the horse at his request, through the agency of *Andrews*. And if upon the facts, *Andrews* was also liable, or *White*, the owner of the horse real or pretended, the defendant should have pleaded in abatement.

The case was very fairly stated to the jury, by the presiding Judge. The conversation of the plaintiff, as testified to by *Grosvenor*, best accords with his acts. He would hardly have yielded to the imposition, if he had not been deceived. If *Grosvenor* was right, the other witness, *Gowen*, misunderstood a part of the conversation, and thus the discrepancy between them may be accounted for. But if the contradiction was not susceptible of explanation, and the witnesses were equally credible, and there were no other circumstances to incline the scale, the testimony of each would be neutralized, and the case left as it was before.

*Exceptions overruled.*